Francis Rick FERRI, Appellant,

v.

BELL, The Honorable Griffin, United States Attorney General, United States Department of Justice, Griffith, Blair, U. S. Atty Western District of Pa., Thornburg, Richard, Former U. S. Atty Western District of Pa., Special Agent in Charge of FBI Operations in the Western Dist. of Pa., Former Special Agent in Charge FBI Operations in the Western Dist. of Pa.

No. 79–2414.

United States Court of Appeals,
Third Circuit.

Resubmitted Feb. 22, 1982.
Decided Feb. 24, 1982.

---

Francis Rick Ferri, pro se.

Richard C. Turkington, Villanova, Pa., amicus curiae.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., Leonard Schaitman, Marleigh D. Dover, Attys., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., for appellees.

Before ADAMS, GIBBONS, and VAN DUSEN, Circuit Judges.

## OPINION SUR REHEARING

PER CURIAM:

Following the entry of judgment after this case was first considered on appeal, a petition for rehearing was submitted by the Government raising several objections to the Court's interpretation of the exemptions contained in the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b) (1976). Because of the importance of the questions raised by the Government, and because this appeal was submitted by Ferri *pro se*, we appointed an amicus curiae to brief the issues in dispute, granted the petition for rehearing, and vacated the original judgment. After considering the briefs of the amicus curiae [1] and the parties to this dispute, we now reinstate the original opinion but, because of new information that the Government has brought to our attention, modify and clarify the earlier judgment.

■ With its petition for rehearing the Government submitted for the first time various affidavits which bear significantly on the access Ferri should have to the arrest record of one Lynn Dunn, the principal witness against him at the trial in which he was convicted. Ferri indicated in his *pro se* brief that such information was necessary for purposes of inquiring whether the Government made an undisclosed deal with Dunn in exchange for his testimony against the defendant, in which event Ferri would have grounds to attack his conviction collaterally as a denial of due process under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Appellant's Brief at 5 n.3. However, the new affidavits now supplied by the Government contain assurances by an Assistant United States Attorney and by Dunn's attorney that no such deal was made. Nothing in our earlier opinion should be construed as foreclosing the Government from using such affidavits to contest Ferri's belief that a *Brady* violation may have occurred. Evaluation of Ferri's request in the face of these affidavits should be made in the first instance by the district court to which we have remanded the case, after the appellant has been afforded an opportunity

---

1. We note our appreciation of the articulate and helpful brief filed by the amicus curiae, Professor Richard Turkington of the Villanova Law School, at the request of the Court.

to respond to them. Resolution of the matter on the basis of the bare record compiled so far would be inappropriate, and consideration of the extra-record materials submitted with the petition for rehearing improper.

■ On remand, the district court's task is not to decide the merits of the *Brady* claim—an issue properly left to the court hearing a motion pursuant to 22 U.S.C. § 2255. Rather, the purpose of the remand is simply to determine whether a *Brady* claim exists that is sufficiently colorable so that the public interest in fair administration of justice warrants disclosure despite Exemption 7(C).[2]

2. We note that several courts of appeals have recently addressed the balance to be struck between the public and private interests in situations analogous to the one before us. *See* *Brown v. Federal Bureau of Investigation,* 658 F.2d 71 (2d Cir. 1981); *Fund for Constitutional Government v. National Archives,* 656 F.2d 856 (D.C.Cir. 1981).