Gary J. BEAM, Appellant,

v.

SUN SHIPBUILDING & DRY DOCK
COMPANY, Appellee.

No. 81–2770.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
Rule 12(6) May 25, 1982.

Decided June 7, 1982.

Rehearing and Rehearing In Banc
Denied July 12, 1982.

Robert T. Seiwell, Media, Pa., for appellant.

Doretta P. Hahn, Robert A. Webster, Radnor, Pa., for appellee.

Frank J. Laski, Thomas K. Gilhool, Public Interest Law Center of Philadelphia, Philadelphia, Pa., for Epilepsy Foundation of America, Philadelphia Chapter, American Coalition of Citizens with Disabilities, Pennsylvania Coalition of Citizens with Disabilities, National Association of the Deaf, and National Federation of the Blind, Pennsylvania Affiliate, amici curiae.

Robert E. Williams, Douglas S. McDowell, Mary Louise Kibbey, McGuiness & Williams, Washington, D. C., for the Equal Employment Advisory Council, amicus curiae.

Before SEITZ, Chief Judge, and SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellee Sun Shipbuilding & Dry Dock Company (Sun) hired appellant Gary Beam on November 29, 1978. Three days later, upon learning that Beam was an epileptic, Sun dismissed him. After filing a complaint with the United States Department of Labor, Beam brought this action, alleging that he was dismissed in violation of section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793 (1976). Beam seeks reinstatement, backpay, and restoration of his seniority rights.

Section 503(a) requires that certain federal contracts contain a provision requiring the contractor to "take affirmative action to employ and advance in employment qualified handicapped individuals. . . ." Section 503(b) authorizes the Department of Labor to investigate complaints filed by handicapped individuals for violations of the statute. Although the statute provides no explicit private remedy, Beam urges that section 503 contains an implied private right of action. The district court rejected Beam's contention and granted Sun Ship's motion for summary judgment. Thus, the sole issue in this appeal is whether a private right of action may be implied under section 503.

The six circuits that have considered the issue have held that no private right of action exists under section 503. *See Davis v. United Airlines*, 662 F.2d 120 (2d Cir. 1981); *Fisher v. Tucson*, 663 F.2d 861 (9th Cir. 1981); *Simon v. St. Louis County*, 656 F.2d 316 (8th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982); *Simpson v. Reynolds Metals Co.,* 629 F.2d 1226 (7th Cir. 1980); *Rogers v. Frito Lay, Inc.,* 611 F.2d 1074 (5th Cir.), *cert. denied,* 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980); *Hoopes v. Equifax, Inc.,* 611 F.2d 134 (6th Cir. 1979). These courts arrived at this result after an extensive analysis of the four factors set forth by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Our own examination of the *Cort* factors in light of section 503 and its legislative history leads us to the same conclusion. Therefore, we will affirm the order of the district court.