## AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, PENNSYLVANIA SECTION, et al.

v.

## Richard THORNBURGH, et al.

No. 82–1785.

United States Court of Appeals, Third Circuit.

Jan. 28, 1983.

Kathryn Kolbert, Women's Law Project, Thomas E. Zemaitis, Pepper, Hamilton &

---

Scheetz, Philadelphia, Pa., Andrea C. Jacobsen, Rains & Jacobsen, Harrisburg, Pa., for appellants.

Ronald T. Williamson, Asst. Dist. Atty., Norristown, Pa., for appellee Smythe.

Andrew S. Gordon, Harrisburg, Pa., for appellees.

John E. McKeever, Philadelphia, Pa., for amici curiae, John D. Lane, et al.

Before SEITZ, Chief Judge, and HIGGINBOTHAM and SLOVITER, Circuit Judges.

Circuit Judge A. LEON HIGGINBOTHAM Jr., dissents from the denial of the motion and makes the following statement:

I dissent from the majority's denial of a distinguished group of law professors' motion for leave to file a fifteen page brief as *amici curiae.* Thirty professors who teach in law schools in New Jersey and Pennsylvania have sought from this court permission to file an *amici curiae* brief in support of plaintiffs. They seek the court's permission to file a brief so that they may "share with this Court [their] concern that the strict standards for constitutional review of legislation impinging on fundamental rights be rigorously enforced within the Third Circuit." Brief for *Amici* at 1. They note that their brief "specifically addresses the appropriate substantive standard for reviewing statutes that affirmatively regulate abortion." *Id.* And, they claim that "the District Court committed plain legal error and ignored its basic obligation as the guardian of fundamental constitutional rights." *Id.* at 1, 2.

More than three centuries ago it was stressed that "the general attitude of the court was to welcome" *amicus* briefs,[1] because "it is for the honor of a court of justice to avoid error." *The Protector v. Geering,* 145 Eng. Rep. 326 (K.B.1686) cited in Krislov at 695, n. 5. The avoidance of unnecessary errors should be as relevant for the courts of today. Yet, the majority has denied these professors the right to file an *amici curiae* brief. Candidly, I am baffled by the majority's decision. I find no justification for that result in our rules, our precedent or our longstanding practices. Moreover, Professors Virginia Kerr, of the University of Pennsylvania Law School, and Susan Estrich, of Harvard Law School, as attorneys for *amici,* certify that the plaintiffs have consented to the filing of the

---

1. Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy,* 72 Yale L.J. 694, 695 (1963).

brief and that the "defendants have no objection." Brief for *Amici* at 2.

At the outset, it must be stressed that the *amici* have *not* filed a motion to intervene as a party, nor have they requested permission to participate in oral arguments. They merely seek to share with us, in a fifteen page brief, their views on an extraordinarily important constitutional case with equally important public policy implications. Neither in our Rules nor in our Internal Operating Procedures do we have any provisions pertaining to the filing of briefs of *amicus curiae*, though hundreds if not thousands of *amici* briefs have been filed over the years.

The only relevant rule on the subject is Rule 29 of the Federal Rules of Appellate Procedure.[2]

And, the only major caveat in Rule 29 pertains to *amicus curiae* who seek leave of court "to participate in the oral argument" which is only granted "for extraordinary reasons."

Rule 29 is somewhat similar to Supreme Court Rule 36.[3] Reviewing the Supreme Court's *amicus curiae* rule which was not adopted until 1949, commentators have said: "In the absence of consent, leave to file was easily obtained from the Supreme Court in almost every instance both before and after promulgation of the rule." Krislov, *supra* at 713. More recently Robert L. Stern, when writing on this rule noted:

> The Supreme Court's rule sounds considerably tougher than it is in practice. Although during the 1950s the Supreme Court was quite stringent in granting leave to file *amicus* briefs, that is no longer the case. *Most motions are now granted unless the brief will not be filed on time.*

Stern, *Appellate Practice in the United States* 338 (1981) (emphasis added). Our review of the current term of the Supreme Court's docket, from October 1982 to January 1983, reveals that 96 motions to file briefs as *amicus curiae* were granted, and 4 were denied, but the four denied were on petitions for rehearing.

Last year's reported opinions reveal that this Court has allowed a host of companies, professional associations, and civil rights groups, to participate as *amici*. These *amici* have run the gamut from the Pension Benefit Guaranty Corporation[4] and Union Carbide[5]; to the Jockey's Guild[6]; the Chamber of Commerce[7]; the National Associa-

---

**2.** Rule 29, entitled Brief of an *Amicus Curiae*, provides in full:

A brief of an *amicus curiae* may be filed only if accompanied by written consent of all parties, or by leave of court granted on motion or at the request of the court, except that consent or leave shall not be required when the brief is presented by the United States or an officer or agency thereof, or be a State, Territory or Commonwealth. The brief may be conditionally filed with the motion for leave. A motion for leave shall identify the interest of the applicant and shall state the reasons why a brief of an *amicus curiae* is desirable. Save as all parties otherwise consent, any *amicus curiae* shall file its brief within the time allowed the party whose position as to affirmance or reversal the *amicus* brief will support unless the court for cause shown shall grant leave for later filing, in which event it shall specify within what period an opposing party may answer. A motion of an *amicus curiae* to participate in the oral argument will be granted only for extraordinary reasons.

The Advisory Committee noted:

Only five circuits presently regulate the filing of the brief of an *amicus curiae*. See D.C.Cir. Rule 18(j); 1st Cir. Rule 23(10); 6th Cir. Rule 17(4); 9th Cir. Rule 18(9); 10th Cir. Rule 20. Fed.R.App.P. 29; Fed.R.App.P. 29 Advisory Committee, Note.

**3.** *See,* U.S. Supreme Court Bulletin, Rule 36 at 9145–46, para. 1199 (CCH 1982–1983) (Rule 36 was originally enacted as Rule 42 in 1949.).

**4.** *Republic Industries v. Central PA Teamsters Pension Fund,* 693 F.2d 290 (3 Cir.1982); *Amicus*—Pension Benefit Guaranty Corp.

**5.** *U.S. v. Price,* 688 F.2d 204 (3 Cir.1982); *Amicus*—Union Carbide Corp.

**6.** *Euster v. Eagle Downs Racing Assoc.,* 677 F.2d 992 (3 Cir.1982); *Amicus*—Jockey's Guild, Inc.

**7.** *Del. Valley Citizens' Council for Clean Air v. Commonwealth of Pa.,* No. 82–1104; *Amicus*—Assoc. PA Contractors, Asphalt Pavement Contractors, Phila. Chamber of Commerce, Pitt. Chamber of Commerce.

tion of Criminal Defense Lawyers[8]; the American Civil Liberties Union[9]; the Equal Employment Advisory Council[10]; the Department of Public Welfare[11]. In one instance, because we thought a Freedom of Information Act issue needed further clarification, we appointed a law school professor, requested that he file a brief[12] and then noted "our appreciation of the articulate and helpful brief filed by the *Amicus Curiae,* Professor Richard Turkington of the Villanova Law School, at the request of the court." *Ferri v. Bell,* 645 F.2d 1213, *modified* 671 F.2d 769, 770 (3d Cir.1982).

In *Regents of the University of California v. Bakke,* 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), there were more than fifty *amici* briefs filed.[13] With all due respect to the parties in *Sweatt v. Painter,* 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114 (1950), perhaps the most thoughtful brief was filed by certain law school professors: Professors Thomas I. Emerson, Erwin N. Griswold, Robert Hale, Harold Havighurst and Edward Levi for the Committee of Law Teachers Against Segregation in Legal Education.

Whatever may be decided ultimately on the merits of the instant case, the relevance and distinguishability of *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) will be of critical importance. Thus, it is particularly ironic that here we deny certain law professors the right to file an *amicus* brief while the Supreme Court in *Roe v. Wade* was willing to accept *amici* briefs from a broad spectrum of groups including: The Association of Texas Diocesan Attorneys; Certain Physicians, Professors and Fellows of the American College of Obstetrics and Gynecology; the National Legal Program on Health Problems of the Poor, *et al;* State Community Aides Association; the National Right to Life Committee; the American Ethical Union; the American Association of University Women; New Women Lawyers, and the California Committee to Legalize Abortion. I repeat again that I find it baffling that in our court male and female law professors have fewer rights, in terms of filing *amicus* briefs, than the Association of Texas Diocesan Attorneys, the New Women Lawyers and the National Right to Life Committee had before the United States Supreme Court in *Roe v. Wade, supra.*[14]

H.G. Wells once wrote "That civilization is a race between education and catastrophe." I submit that, even in a court as learned as ours, we might be able to avoid some unnecessary catastrophes if we have the will and the patience to listen to legal educators.

See also, D.C., 552 F.Supp. 791.

Puerto Rican Legal Defense and Education Fund, *et al;* the American Jewish Committee; the Queens Jewish Community Council; Young Americans for Freedom; and the American Subcontractors Association.

---

**8.** *U.S. v. Flanagan,* 679 F.2d 1072 (3 Cir.1982); *Amicus*—Nat'l Assoc. of Crim. Defense Lawyers and Nat'l Legal Aid and Defender Assoc.

**9.** *Shaffer v. Board of School Directors of Albert Gallatin Area School Dist.,* 687 F.2d 718 (3 Cir.1982); *Amicus*—PA School Bds. Assoc., ACLU. *Ad World v. Twp. of Doylestown,* 672 F.2d 1136 (3 Cir.1982); *Amicus*—Brookshire Publication Equitable Pub. Co., ACLU—Phila.

**10.** *Beam v. Sun Ship,* 679 F.2d 1077 (3 Cir. 1982); *Amicus*—Equal Employment Advisory Council.

**11.** *Ashe v. U.S.,* 669 F.2d 105 (3 Cir.1982); *Amicus*—PA Dept. of Public Welfare.

**12.** *Ferri v. Bell,* 671 F.2d 769 (3 Cir.1982); *Amicus*—Richard Turkington—Villanova Law Prof.

**13.** The *amici* included the National Council of Churches of Christ in the United States, *et al;* the American Jewish Committee, *et al;* the

**14.** Of the thirty *amici* professors in this case, thirteen are women. Certainly as women they could have sufficient interest to form an association to express their views about the potential impact of the challenged statute on their perceived rights. The seventeen male *amici* could potentially be fathers. As a result they too have sufficient interest to express their views. Certainly these female and male law professors evince a legally cognizable interest which at the very least matches that interest deemed sufficient in the above cited cases. Unlike the majority, until I have read all of the briefs which ultimately will be filed in this case I am not certain whether the parties will present "all relevant legal arguments."