Sandra **BRUGUERAS–MUñOZ, Edwin Villalon–Rodriguez, Plaintiffs,**

v.

**PUERTO RICO TELEPHONE COMPANY, Puerto Rico Telephone Authority Insurance Company "A" and Insurance Company "B", Defendants.**

Civil No. 96–1958CCC.

United States District Court, D. Puerto Rico.

Aug. 26, 1997.

Ada E. Domínguez–Balestena, José E. Andino–Delgado, San Juan, PR, for Plaintiffs.

Migdalia Dávila–García, Myriam E. Matos, Hato Rey, PR, for Defendants.

1. See docket entry 7, at pp. 8–9.

## ORDER

CEREZO, Chief Judge.

Plaintiffs Sandra Brugueras–Muñoz (Brugueras) and her husband, Edwin Villalón–Rodriguez (Villalón) filed this action against her former employers, Puerto Rico Telephone Company (hereinafter "PRTC") and Puerto Rico Telephone Authority (hereinafter "PRTA") for redress of allegedly discriminatory actions. Their action is brought under the Americans with Disabilities Act of 1990(ADA), the Rehabilitation Act of 1973, the Civil Rights Act of 1964, the Worker's Compensation Act, the Consolidated Omnibus Budget Reconciliation Act (COBRA), Article 1802 of the Civil Code of the Commonwealth of Puerto Rico, the unlawful discharge statute of the Commonwealth of Puerto Rico known as Law Number 80, and the Constitutions and laws of the United States and the Commonwealth of Puerto Rico.

A Motion for Partial Dismissal and Memorandum of Law in Support Thereof, (**docket entry** 4) was filed seeking dismissal of any COBRA, Title VII, Rehabilitation Act, Worker's Compensation Act claims and of any federal claims by co-plaintiff Villalón.

Brugueras acknowledged in the opposition that.no causes of action exist under COBRA, 29 U.S.C. sec. 1161 *et seq.*, or pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000(e). Co-plaintiff Villalón has admitted lack of standing to assert any claim pursuant to the federal statutes.[1] Both plaintiffs have acknowledged that defendants, as insured employers under the State Insurance Fund, are immune from judicial claims based on work-related injuries. Accordingly, the Court need only consider the dismissal of the claims under the Rehabilitation Act of 1973.

■ Defendants claim that plaintiffs have not explained the basis on which this Court has obtained Jurisdiction. Rule 8(a) states that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court

already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

■ Defendants, however, overstate a plaintiff's jurisdictional burden at the time of filing a complaint. The purpose of Rule 8(a) is to require plaintiffs to establish clearly the jurisdictional foundation instead of asserting it in a perfunctory manner. Creating obstacles which are surmountable only after a full scale analysis of the case on the merits goes beyond Rule 8(a) parameters. "The sufficiency of [a] jurisdictional allegation is dependent on the validity of the pleader's assertion, which is determined by reference to the relevant federal statute, rather than in terms of whether the claim for relief is meritorious. Thus, if a party seeking to invoke federal jurisdiction asserts a substantial claim under a federal statute, both the Jurisdictional prerequisite and the pleading requirements of Rule 8(a)(1) are satisfied." Wright & Miller, *Federal Practice and Procedure: Civil 2d*, sec. 1206.

It is averred in the complaint that "[t]he jurisdiction of this Court lies in and is invoked pursuant to section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. sec. 12117(a) [ ], which incorporates by reference sec. 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e–5 and 28 U.S.C. sec. 1331." Complaint, (docket entry 1), p. 2. An ADA claim justifies the jurisdiction of the Court not only as to that particular claim but as to any other claim derived "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The jurisdictional requirements of Rule 8(a)(1) have been met.

Defendants also base their dismissal request on Federal Rule of Civil Procedure 12(b)(6). However, "only well-pleaded facts are taken as true, [and as such the Court] will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

The First Circuit has repeatedly cautioned that "Rule 12(b)(6) is not entirely a toothless tiger ... plaintiffs are obliged to set forth in their complaint 'factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). To avoid tarring defendants' "reputations unfairly and to prevent potential abuses, we have consistently required plaintiffs to outline facts sufficient to convey specific instances of unlawful discrimination." *Id.*

■ Conclusions may also give rise to claims, but only "when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes." *Id.* The Court may dismiss a claim under 12(b)(6) "only if it clearly appears, according to the facts alleged, that the plaintiff[s] cannot recover on any viable theory." *Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 52 (1st Cir.1990).

■ Plaintiffs state that their Rehabilitation Act claims arise under 29 U.S.C. secs. 791 and 794. Section 794 states the following:

No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination **under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency** or by the United States Postal Service.

29 U.S.C. sec. 794(a).

*Rivera–Flores v. Puerto Rico Telephone Company*, 64 F.3d 742 (1st Cir.1995), establishes that in the past the PRTC may have been the recipient of federal funding through the Federal Emergency Management Agency (hereinafter "FEMA"). It is possible that plaintiffs may have a Rehabilitation Act claim if they can show that such was the case at the time that plaintiff Brugueras was allegedly discriminated against. Plaintiffs are entitled to show whether PRTC was the recipi-

ent of federal funds at the time of the alleged discrimination.

Defendants further claim that 29 U.S.C. sec. 793 does not create a private cause of action.[2] Plaintiffs, however, have not brought their claims under 29 U.S.C. sec. 793 but pursuant to 29 U.S.C. sec. 794. A private cause of action does exist under said provision. 29 U.S.C. sec. 794a(a)(2) states the following:

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964[ ] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

The First Circuit, in an *en banc* opinion, recognizes that "[t]he Rehabilitation Act does expressly provide for private enforcement actions against 'any recipient of Federal assistance or Federal provider of such assistance,' *see* section 794a(a)(2)." *Cousins v. Secretary of the U.S. Department of Transportation,* 880 F.2d 603, 605 (1st Cir.1989).

The Court, however, found that the APA review procedure was the appropriate way to challenge a federal agency's **regulatory** action. Although recognizing the private cause of action of the recipient of Federal assistance or Federal provider of such assistance under section 794a(a)(2), it concluded that "Congress has not said or suggested, anywhere in the Rehabilitation Act or its legislative history, that the Act was meant to give rise to a right of action against the government as a **regulator**." *Id.* at 607. Plaintiffs are entitled to bring this action pursuant to 29 U.S.C. sec. 794, subject to demonstrating that the PRTC and/or PRTA have been recipients of federal funding during the time of the alleged discrimination.

■ It is also important to point out that the fact that plaintiffs seek compensatory damages is consistent with the intended pro-

visions of the statute, as defined by the Supreme Court. The Court has stated that it "presume[s] the availability of all appropriate remedies unless Congress has expressly indicated otherwise," which in this case it has not. *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 64–66, 112 S.Ct. 1028, 1032, 117 L.Ed.2d 208 (1992). "[W]here legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Id.* at 66, 112 S.Ct. at 1033. The Eighth and the Third Circuits have applied the rationale in *Franklin* to the Rehabilitation Act, and to Section 504 of the Act in particular. The Third Circuit has stated that "[it] agree[s], [ ] thus hold[ing] that plaintiffs may seek monetary damages directly under section 504." *W.B. v. Matula,* 67 F.3d 484 (3rd Cir.1995); *Rodgers v. Magnet Cove Public Schools,* 34 F.3d 642, 645 (8th Cir.1994). The Sixth Circuit has held that "the proper approach for addressing this question has been clearly established. The Supreme Court's decision in *Franklin v. Gwinnett County Public Schools* [ ] sets forth the analysis for determining the remedies available pursuant to an implied cause of action under a federal statute." *Moreno v. Consolidated Rail Corp.,* 63 F.3d 1404, 1413 (6th Cir.1995). The Eleventh Circuit, concurring with the other circuits, has said:

> The question of the type of remedies available under section 504 had divided the Courts of Appeals. [ ] However, as Appellee admits, the Supreme Court recently resolved this dispute in favor of allowing compensatory damages. [ ] In *Franklin,* the Supreme Court reversed this Circuit and concluded that a private right of action under Title IX of the Education Amendments of 1972 provides the full panoply of remedies, legal and equitable, to a successful plaintiff. [ ] The similarities between

**2.** Defendants provide ample support for their contention that **section 793** of the Rehabilitation Act does not provide for a private cause of action. *Davis v. United Air Lines, Inc.,* 662 F.2d 120 (2nd Cir.1981); *Painter v. Horne Bros., Inc.,* 710 F.2d 143 (4th Cir.1983); *Beam v. Sun Shipbuilding & Dry Dock Co.,* 679 F.2d 1077 (3d Cir.1982); *Simon v. St. Louis County, Mo.,* 656 F.2d 316 (8th Cir.1981); *Rogers v. Frito–Lay, Inc.,* 611 F.2d 1074 (5th Cir.1980); *Fisher v. City of Tucson,* 663 F.2d 861 (9th Cir.1981); *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226 (7th Cir.1980); *Hodges v. Atchison, Topeka & Santa Fe Ry.,* 728 F.2d 414 (10th Cir.1984). The present action, however, does not concern section 793.

Title IX and section 504 require the same finding in cases, such as this one, pursuant to the Rehabilitation Act. Thus, suits under section 504 provide to plaintiffs the full spectrum of remedies[.]

*Waldrop v. Southern Co. Services Inc.,* 24 F.3d 152, 156–157 (11 th Cir.1994). Although the First Circuit has not addressed the issue after the *Franklin* decision, it is clear that Section 504 allows for monetary compensatory damages as a remedy. For the reasons stated, defendants' motion to dismiss (**docket entry** 4) is DENIED.

SO ORDERED.