

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2002

# Neonatology Assoc v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Neonatology Assoc v. Commissioner IRS" (2002). *2002 Decisions.* Paper 285.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

REPORTER NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2862
_____

NEONATOLOGY ASSOCIATES, P.A.

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-1201)


JOHN J. and OPHELIA J. MALL

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-1208)

ESTATE OF STEVEN SOBO, DECEASED and BONNIE SOBO, EXECUTRIX, and
BONNIE SOBO, SURVIVING WIFE

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-2795)

AKHILESHI S. and DIPTI A. DESAI

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-2981)

KEVIN T. and CHERYL MCMANUS

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-2985)

ARTHUR and LOIS M. HIRSHKOWITZ

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-2994)

LAKEWOOD RADIOLOGY, P.A.

v.

COMMISSIONER OF INTERNAL REVENUE

(Tax Court No. 97-2995)

Neonatology Associates, P.A., John J. and Ophelia Hall,
Estate of Steven Sobo, Deceased and Bonnie Sobo, Executrix,
and Bonnie Sobo, Surviving Wife, Akhilshi S. and Dipti A.
Desai, Kevin T. and Cheryl McManus, Arthur and Lois M.
Hirshkowitz and Lakewood Radiology, P.A.,

Appellants

_____

ON APPEAL FROM THE UNITED STATES TAX COURT

(D.C. No. 0090-1 : 97-1201)
Honorable David Laro, Tax Court Judge
_____

Before:  ALITO, Circuit Judge

(Opinion Filed: May 20, 2002)

David R. Levin, Esq.
Wiley, Rein & Fielding, LLP
1776 K Street, N.E.
Washington, DC   20006

Counsel for Appellant

Kenneth L. Greene, Esq.
Robert W. Metzler, Esq.
Tax Division
Department of Justice
P.O. Box 502
Washington, DC   20044

Counsel for Appellee

Steven J. Fram, Esq.
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ   08033

Counsel for Amicus Curie

_____

OPINION OF THE COURT
_____

ALITO, Circuit Judge:

Before me is a motion under Rule 29(b) of the Federal Rules of Appellate Procedure for leave to file a brief as amicus curiae over the opposition of the appellants. The motion has been referred to me as a single judge under our Internal Operating Procedure 10.5.1. Because it appears that the criteria set out in Rule 29(b) are met, i.e., that the amici have a sufficient "interest" in the case and that their brief is "desirable" an discusses matters that are "relevant to the disposition of the case," the motion is granted.

I.

This is an appeal from a decision of the Tax Court. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43 (2000). The appeal has been taken by two professional medical corporations (Neonatology Associates, P.A. and Lakewood Radiology, P.A.), physicians who owned the corporations, and spouses who signed joint tax returns. The appellants participated in the Southern California Voluntary Employees' Beneficiary Association ("SC VEBA"), which was promoted by certain insurance brokers. The Commissioner of Internal Revenue determined that the professional corporations had erroneously claimed deductions on their income tax returns for payments made to plans set up under the SC VEBA and that the individual taxpayers had failed to report on their income tax returns income arising from certain related transactions. The appellants filed a petition in the Tax Court challenging the deficiencies and associated penalties. After a trial, the Tax Court sustained the Commissioner's determinations, and this appeal followed.

The motion for leave to file an amicus brief in support of the Commissioner was submitted by five other physicians who also participated in same plan. In the statement of interest in their proposed amicus brief, these five physicians ("the amici") state:

> During pre-trial proceedings in the Tax Court, the Appellants in this case entered into a Settlement Agreement and Release with Commonwealth Life Insurance Company ("Commonwealth") pursuant to which Commonwealth agreed to defend this case at its expense and to pay certain portions of Appellants' tax liabilities in the event of an unfavorable outcome. Appellants (hereafter "the Settling Physicians") then proceeded to trial in what was designated as a "test" case for all of the parties who had challenged the IRS's position. Pursuant to Appellants' settlement with Commonwealth, Commonwealth now controls and is funding the appeal in this litigation.
>
> Unlike Appellants, amici declined to release their claims and have filed litigation against Commonwealth and its related parties to recover the losses they suffered through their participation in the "VEBA scheme" condemned by the Tax Court in this case. An Amended Complaint in the proposed class action in which amici are plaintiffs, Sankhla v. Commonwealth Life Ins. Co., No. 01-CV-4761 (D.N.J.) (AET), was filed on March 20, 2002 (the "Sankhla Litigation").
>
> Amici have an interest in the outcome of this case because it has become apparent that Commonwealth, through its control of this appeal, will attempt to induce this Court to address certain non-tax law issues that will impact the rights of amici against Commonwealth and related parties.

Amicus Br. at 1-2. Specifically, the amici are concerned that the appellants have argued that the Employee Retirement Income Security Act ("ERISA") applies to the plan and that our court's discussion of this issue will have a bearing in their litigation on the question whether the plaintiffs' claims against Commonwealth are preempted by ERISA. Amicus Br. at 2. The amici also wish to preserve the factual findings of the Tax Court concerning the roles of various parties in the underlying events because the amici hope to

prove that Commonwealth and its agents controlled the Tax Court litigation on behalf of the appellants and that Commonwealth and its agents are therefore bound by those findings.

The appellants argue that the amici do not satisfy the standards for filing a brief as amici. Among other things, the appellants contend that an amicus must be "'an impartial individual'" and not a person who is "partial to the outcome" or who has "a pecuniary interest in the outcome." Opposition to Motion for Leave to File Amicus Brief ("Opp.") at 2-4 (quoting Leigh v. Engle, 535 F. Supp. 418, 420 (N.D. Ill. 1982)). The appellants also argue that leave to file an amicus brief should not be granted unless the party to be supported is either unrepresented or inadequately represented. Opp. at 5-6. In making these arguments, the appellants cite a small body of judicial opinions that look with disfavor on motions for leave to file amicus briefs. See, e.g., National Org. for Women, Inc. v. Scheidler, 223 F.3d 615 (7th Cir. 2000); Ryan v. CFTC, 125 F.3d 1062 (7th Cir. 1997) (single judge opinion); Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp., 149 F.R.D. 65, 82 (D.N.J. 1993); Yip v. Pagano, 606 F. Supp. 1566, 1568 (D.N.J. 1985). The appellants argue that restrictive standards espoused in these opinions represent the views of "the judiciary" and are "settled law" "in this jurisdiction." Opp. 3-4.

II.

The standards for filing an amicus brief are set out in Rule 29. Under Rule 29(a), a private amicus may file if all parties consent or if the court grants leave. When a party objects to filing by a private amicus and leave of court is sought, Rule 29(b) provides that the motion for leave to file must be accompanied by the proposed brief and must state:

 (1) the movant's interest; and

 (2) the reason why an amicus brief is desirable and why the
 matters asserted are relevant to the disposition of the case.

Although the Rule does not say expressly that a motion for leave to file should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, this is implicit. With these requirements in mind, I turn to the restrictive standards that the appellants urge us to apply.

A. I begin with the appellants' argument that an amicus must be "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." Opp. at 3-4. This description of the role of an amicus was once accurate and still appears in certain sources, see 3A C.J.S. Amicus Curiae  2 at 422-23 (1973), but this description became outdated long ago. See Samuel Krislov, The Amicus Curiae Brief: From Friendship to Advocacy, 72 Yale L. J. 694, 703 (1962).

Today, as noted, Rule 29 requires that an amicus have an "interest" in the case, see Fed. R. App. Proc. 29(b)(1) and (c)(3), and the appellants' argument that an amicus must be "impartial" is difficult to square with this requirement. An accepted definition of the term "impartial" is  "disinterested,"  Black's Law Dictionary 752 (6th ed. 1990), and it is not easy to envisage an amicus who is "disinterested" but still has an "interest" in the case.

It is particularly difficult to reconcile impartiality and interestedness if the latter requirement is interpreted as a panel of our court did in American College of Obstetricians & Gynecologists v. Thornburgh, 699 F.2d 644 (3d Cir. 1983). In that case, the sharply divided panel denied a motion for leave to file an amicus brief because the proposed amici, a group of law professors, "d[id] not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and [gave] only their concern about the manner in which this court will interpret the law." Id. at 645 (emphasis added). It would be virtually impossible for an amicus to show that it is "an impartial individual . . . whose function is to advise in order that justice may be done" but not a person who is "only . . . concern[ed] about the manner in which [the] court will interpret the law." In any event, whether or not the American College panel was correct in its narrow interpretation of Rule 29's "interest" requirement, the "interest" requirement weighs strongly against the appellants' argument.

The appellants suggest, however, that the very term "amicus curiae"

suggests a degree of impartiality.  The appellants quote the comment that "[t]he term 'amicus curiae' means friend of the court, not friend of a party."  Opp. at 3 (quoting Ryan, 125 F.3d at 1063).  The implication of this statement seems to be that a strong advocate cannot truly be the court's friend.  But this suggestion is contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making.  Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.

The argument that an amicus cannot be a person who has "a pecuniary interest in the outcome" also flies in the face of current appellate practice.  A quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with "pecuniary" interests appear regularly as amici. (Some of the Supreme Court cases in which the greatest number of amici have filed illustrate this point.  See, e.g., Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 3 n.* (1991); Container Corp. of America v. Franchise Tax Bd., 463 U.S. 159, 161 n.* (1983).)  Parties with pecuniary, as well as policy, interests also appear as amici in our court.  See, e.g., South Camden Citizens in Action v. New Jersey Dep't of Envtl. Protection, 274 F.3d 771, 773 (3rd Cir. 2001).  I thus reject the appellants' argument that an amicus must be an impartial person not motivated by pecuniary concerns.

C.  I also disagree with the appellants' argument that an amicus seeking leave to file must show that the party to be supported is either unrepresented or inadequately represented.  Rule 29 does not contain any such provision, and therefore if the requirement is valid it must represent an elaboration on the requirement of "desirability" set out in Rule 29(b)(2).  In my view, however, such a requirement is most undesirable.  To be sure, an amicus brief may be particularly helpful when the party supported is unrepresented or inadequately represented, but it does not follow that an amicus brief is undesirable under all other circumstances.

Even when a party is very well represented, an amicus may provide important assistance to the court.  "Some amicus briefs collect background or factual references that merit judicial notice.  Some friends of the court are entities with particular expertise not possessed by any party to the case.  Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case.  Still others explain the impact a potential holding might have on an industry or other group."  Luther T. Munford, When Does the Curiae Need An Amicus?, 1 J. App. Prac. & Process 279 (1999).  Accordingly, denying motions for leave to file an amicus brief whenever the party supported is adequately represented would in some instances deprive the court of valuable assistance.  Moreover, requiring a prospective amicus to undertake the distasteful task of showing that the attorney for the party that the amicus wishes to support is incompetent is likely to discourage amici in instances in which the party's brief is less than ideal and an amicus submission would be valuable to the court.  See Robert L. Stern, Appellate Practice in the United States 306 (2d ed. 1989) (The  lawyer preparing an amicus brief "would normally be unwilling to state, except in most unusual circumstances, that the counsel for the party being supported will do an inadequate job.").      The criterion of desirability set out in Rule 29(b)(2) is open-ended, but a broad reading is prudent.  The decision whether to grant leave to file must be made at a relatively early stage of the appeal.  It is often difficult at that point to tell with any accuracy if a proposed amicus filing will be helpful.  Indeed, it is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file.  Furthermore, such a motion may be assigned to a judge or panel of judges who will not decide the merits of the appeal, and therefore the judge or judges who must rule on the motion must attempt to determine, not whether the proposed amicus brief would be helpful to them, but whether it might be helpful to others who may view the case differently.  Under these circumstances, it is preferable to err on the side of granting leave.  If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief.  On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.

A restrictive policy with respect to granting leave to file may also create at

least the perception of viewpoint discrimination. Unless a court follows a policy of either granting or denying motions for leave to file in virtually all cases, instances of seemingly disparate treatment are predictable. A restrictive policy may also convey an unfortunate message about the openness of the court.

Those favoring the practice of restricting the filing of amicus briefs suggest that such briefs often merely duplicate the arguments of the parties and thus waste the court's time, and I do not doubt that some amicus briefs make little if any contribution. However, a restrictive practice regarding motions for leave to file seems to be an unpromising strategy for lightening a court's work load. For one thing, the time required for skeptical scrutiny of proposed amicus briefs may equal, if not exceed, the time that would have been needed to study the briefs at the merits stage if leave had been granted. In addition, because private amicus briefs are not submitted in the vast majority of court of appeals cases, and because poor quality briefs are usually easy to spot, unhelpful amicus briefs surely do not claim more than a very small part of a court's time. For all these reasons, I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals. See Micael E. Tigar and Jane B. Tigar, Federal Appeals -- Jurisdiction and Practice 181 (3d ed. 1999)("Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned."); Robert L. Stern, supra, at 307-08.

### III.

Turning to the circumstances of the present case, I believe that the amici have stated an "interest in the case,"and it appears that their brief is "relevant" and "desirable" since it alerts the merits panel to possible implications of the appeal. The appellants charge that the amici wish to inject new issues into the case, but it does not appear to me that the amici are attempting to do that. Rather, as I understand their position, they are primarily interested in making sure that our court does not inadvertently stray into issues that need not be decided in this case. Finally, the appellants contend that the proposed amicus brief is full of "spleen" and "invective," Opp. at 10, but no specifics are cited. My reading of the amicus brief did not spot any violations of our LAR 28.1(c), which requires that briefs be phrased in appropriate, professional terms, but if the merits panel views the matter differently, it can of course take appropriate action at that time.

For the reasons noted above, the motion for leave to file the brief as amici curiae over the objection of the appellants is granted.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/Samuel A. Alito Jr.
Circuit Judge