**Joseph R. LEDBETTER, Plaintiff,**

v.

**KOSS CONSTRUCTION, Defendant.**

**No. 96–4036–RDR.**

United States District Court,
D. Kansas.

Oct. 28, 1997.

Joseph R Ledbetter, Topeka, pro se.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for Koss Construction, defendant.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is an employment discrimination case. This case is now before the court upon defendant's motion for summary judgment and defendant's motion to dismiss.

Plaintiff alleges in this case that he was discriminated against because of his age when defendant failed to hire him to a position as a laborer for a highway construction project on Highway 75 north of Topeka, Kansas. Plaintiff further alleges that defendant violated federal law which requires hiring preferences for Vietnam War veterans by federal contractors. Plaintiff, who is proceeding *pro se,* has also pleaded sex discrimination in violation of Title VII of the Civil Rights Act of 1964. However, his response to the summary judgment motion suggests that he is not pursuing this claim.

## MOTION FOR SUMMARY JUDGMENT

In considering defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Electric Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings ..." to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

In the case at bar, most of the facts relied upon by both sides are supported by the affidavits of plaintiff and Koss Construction manager Ronnie Troglin, as well as employment records of defendant. Looking at these factual allegations and supporting materials in a light most favorable to plaintiff, the following facts are taken as true solely for the purposes of this summary judgment motion.

Plaintiff is a Vietnam War veteran who received an honorable discharge from the United States Marine Corps. Plaintiff was born in 1954. In late March 1995, when plaintiff was over the age of 40, he inquired about employment with defendant Koss Construction. This was in response to an advertisement Koss Construction placed in the Topeka Capital Journal on March 21–23, 1995. The ad stated there were job openings for laborers. Plaintiff spoke over the telephone with Ronnie Troglin, the field office manager for the paving division of Koss Construction. According to plaintiff's affidavit, although plaintiff was calling in response to an advertisement for laborers, Troglin advised plaintiff that he could probably be hired to do line setting as well because the job did not require much training. The telephone conversation led plaintiff to believe he would be hired.

Plaintiff completed a written application for a job with Koss Construction on March 28, 1995 at the Pauline, Kansas field office of the company. Plaintiff's application asks for a job as a line setter or driver. The application does not ask for a laborer position. Plaintiff has a college education. He has construction experience. However, he does not have highway construction experience. Nor does he have experience as a line setter or a truck driver on a highway project.

Plaintiff's job application does not state his age or date of birth. However, it does list his year of graduation from high school (1972). Plaintiff also included a resumé with his application. Plaintiff's resumé shows that he was in the Marine Corps prior to 1976. From this a person could have surmised that plaintiff was over forty years old in 1995.

At the time of plaintiff's application, Troglin was the field manager of a paving project at the Salina, Kansas airport. Troglin has stated in an affidavit that he received plaintiff's employment application in Salina and thought plaintiff was applying for a job on the Salina airport project. No jobs at the Salina project were available for truck drivers or line setters at the time because the project was almost finished.

Koss Construction follows a practice of hiring experienced truck drivers. This is substantiated by employee records and Troglin's affidavit. Line setting is considered by Koss to be a most important job because paving equipment is guided by string lines. Koss Construction hires experienced line setters or upgrades laborers to set lines while performing laborer duties. There are no records before the court of employees hired with the title "line setter." Plaintiff disputes the difficulty of line setting but has presented no evidence that Koss Construction hires inexperienced line setters.

Defendant has submitted an employee history record of Merle Lee Krug who was 59 when he worked for Koss Construction in January 1995. The record indicates that Mr. Krug was classified as a general laborer. However, it also shows that Mr. Krug had a Class A driver's license, and another record indicates that Mr. Krug operated a low boy semi-trailer for Koss Construction after being hired on August 24, 1994. Mr. Krug's employee history record also lists a different project number (20) than the Highway 75 project (48). Accordingly, the court is unclear as to Mr. Krug's duties with Koss Construction.

There is no other evidence of persons over forty, besides plaintiff, who applied for a job as a general laborer or line setter with Koss

Construction. Other persons hired as general laborers by Koss Construction appear to be men in their twenties or early thirties.

*Age discrimination*

■ To succeed with his age discrimination claim, plaintiff must show that age actually motivated the decision not to hire him. *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609–11, 113 S.Ct. 1701, 1705–07, 123 L.Ed.2d 338 (1993). In the instant case, plaintiff has presented no direct evidence of defendant's discriminatory intent. Instead, he relies on circumstantial evidence. In such a situation, the Tenth Circuit applies the *"McDonnell Douglas"* burden shifting scheme. *Ellis v. United Airlines, Inc.,* 73 F.3d 999, 1004 (10th Cir.) *cert. denied,* — U.S. —, 116 S.Ct. 2500, 135 L.Ed.2d 191 (1996) citing, *McDonnell Douglas v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973).

■ Under this approach, plaintiff must first establish a prima facie case by showing that (1) he was within the protected age group; (2) he was not hired; (3) he was qualified for the position; and (4) defendant filled the position with younger applicants. *Id.* The court finds that plaintiff has made this showing.

Since plaintiff has established a prima facie case, then the burden shifts to defendant to articulate a facially nondiscriminatory reason for not hiring plaintiff. *Id.,* citing *EEOC v. Flasher,* 986 F.2d 1312, 1315–16 (10th Cir. 1992). If defendant articulates such a reason, the burden shifts back to plaintiff to establish defendant's discriminatory motivation by either (1) presenting direct evidence that age was a determinative factor in defendant's decision; or (2) presenting evidence upon which a jury could conclude that defendant's proffered explanation is pretextual and unworthy of credence. *Id.,* citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) and *Randle v. City of Aurora,* 69 F.3d 441, 452 n. 17 (10th Cir. 1995).

■ In this case, defendant makes three contentions regarding the substance of plaintiff's age discrimination claim.[1] Defendant

---

**1.** Defendant also asserts that this court should not exercise jurisdiction over any claim that

plaintiff was not hired for a line setter position

asserts: 1) that defendant's hiring officials did not think plaintiff was applying for a laborer position; 2) that defendant's hiring officials thought plaintiff was applying for a position on the Salina airport project; and 3) that plaintiff did not have the experience required to be hired as a truck driver or line setter. The first argument could be considered toward whether plaintiff established a prima facie case since an application might be designated part of the qualifications necessary to be hired for a position. If plaintiff did not actually apply for a laborer position, then arguably plaintiff was not "qualified" to be hired at that position. However, the court chooses to consider all three arguments as defendant's articulation of nondiscriminatory reasons for failing to hire plaintiff. Therefore, the court must examine the record to determine whether there is any evidence upon which a jury could conclude that these nondiscriminatory reasons are pretextual and unworthy of credence.

■ Plaintiff has failed to produce any evidence to create a jury question regarding the credence of defendant's reasons for failing to hire him. Plaintiff does not deny that he has no highway construction experience and no specific experience with truck driving or line setting on such projects. Plaintiff does not dispute that it is Koss Construction's practice to hire experienced truck drivers and line setters or to upgrade persons who have already been hired as laborers. Plaintiff contends that this is not a wise or necessary practice because line setting is relatively simple. But, evidence of a mistake or bad business judgment is not evidence of discrimination. *Kralman v. Illinois Department of Veterans Affairs*, 23 F.3d 150, 156 (7th Cir.) *cert. denied*, 513 U.S. 948, 115 S.Ct. 359, 130 L.Ed.2d 313 (1994); see also, *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1426 (10th Cir.1993) ("The ADEA is not a vehicle for reviewing the propriety of business decisions."); *Lucas v. Dover Corp.*, 857 F.2d 1397, 1403–04 (10th Cir.1988) (court should not second guess business decisions of employers in the absence of some evidence of impermissible motives).

Plaintiff cannot deny that his employment application asked for a position as a line setter or truck driver, not as a laborer. Plaintiff suggests that he wrote line setter on the application after speaking on the telephone with Koss supervisors. This is not evidence of age discrimination since there is no claim that at the time of the conversations the Koss supervisors were aware of plaintiff's age or suggested that plaintiff write down line setter to sabotage his efforts to be hired as a laborer.

Plaintiff asserts that Koss Construction decided not to hire him for a position as a line setter, truck driver, or laborer after they calculated his age from his resumé or job application. However, plaintiff has not shown that he had the experience Koss Construction deemed necessary to be hired as a line setter or truck driver. Further, plaintiff offers no examples of any other employee who was hired as a laborer when he applied for a position as a line setter or truck driver.

In sum, plaintiff has failed to produce evidence which would lead a reasonable jury to believe that defendant's proffered reasons for refusing to hire plaintiff were a pretext for age discrimination. This is plaintiff's burden. See *EEOC v. Flasher Co.*, 986 F.2d 1312, 1319–21 (10th Cir.1992) quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). Therefore, the court shall grant summary judgment against plaintiff's age discrimination claim.

*Title VII*

As noted earlier, plaintiff does not appear to contest summary judgment against his sex discrimination claim in this matter. Furthermore, males seem to have dominated the workforce of laborers on the highway project and plaintiff did not claim sex discrimination before the administrative investigative agencies. Accordingly, summary judgment shall be granted against this claim.

*Vietnam Era Veterans Readjustment Assistance Act*

■ Plaintiff also alleges a cause of action under the Vietnam Era Veterans Readjust-

because this claim was not presented to the EEOC. We believe the issue of defendant's failure to hire plaintiff for any position was sufficiently

developed before the administrative investigative agencies. Therefore, we reject this contention.

ment Assistance Act. This statute as reprinted at 38 U.S.C. § 4212 provides in pertinent part:

(a) Any contract in the amount of $10,000 or more entered into by any department or agency for the procurement of personal property and non-personal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era. The provisions of this section shall apply to any subcontract entered into by a prime contractor in carrying out any contract for the procurement of personal property and non-personal services (including construction) for the United States. In addition to requiring affirmative action to employ such veterans under such contracts and subcontracts and in order to promote the implementation of such requirement, the President shall implement the provisions of this section by promulgating regulations which shall require that (1) each such contractor undertake in such contract to list immediately with the appropriate local employment service office all of its employment openings except that the contractor may exclude openings for executive and top management positions, positions which are to be filled from within the contractor's organization, and positions lasting three days or less, and (2) each such local office shall give such veterans priority in referral to such employment openings.

(b) If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

As defendant notes, courts have ruled that there is no private right of action under this statute. *Harris v. Adams,* 873 F.2d 929, 931–32 (6th Cir.1989); *Barron v. Nightingale Roofing, Inc.,* 842 F.2d 20 (1st Cir.1988); *Wilson v. Amtrak National Railroad Corp.,* 824 F.Supp. 55 (D.Md.1992). We concur with this position as it appears from the language of the statute that Congress intended that persons protected under this statute file a complaint with the Secretary of Labor. Therefore, the court shall grant summary judgment against this claim.

## MOTION TO DISMISS

■ Defendant has also asked that this case be dismissed on account of plaintiff's failure to pay sanctions assessed against him. On January 28, 1997, this court directed plaintiff to pay defendant $1,487.70 in installments of $100 per month. This was a penalty for plaintiff's noncompliance with previous scheduling orders and deadlines. Plaintiff asked for reconsideration and argued that he could not afford such payments. In response, the court reduced the monthly payments to $50.00, the first payment being due on May 1, 1997.

Because no payment was made by plaintiff on May 1, 1997 or before, defendant filed a motion to dismiss. Plaintiff responded that he did not have the money to make the payments. On August 5, 1997, the court requested an update from both sides regarding payments made and reasons for nonpayment. It appears that plaintiff has made one payment of $25 on June 9, 1997. Plaintiff continues to assert that he cannot afford to make more payments.

The monetary assessment against plaintiff was issued by the court as an alternative to dismissing the case as a sanction for plaintiff's noncompliance with the court's orders. The court warned plaintiff in our December 9, 1997 order that future noncompliance with the court's orders and schedules would cause the court to dismiss the case. In this instance, the court believes plaintiff has not made a good faith effort to comply with the court's order of monetary sanctions. The court greatly prefers to resolve cases on the basis of their merits and has independently considered defendant's motion for summary judgment. The court concludes that defendant's motion to dismiss provides alternative grounds for dismissing this case.

The court has a legitimate interest in managing its docket. The public has an interest in expeditious litigation. The defendant has suffered prejudice from plaintiff's noncompliance with court orders. In addition, the court is aware of no other effective means of enforcing compliance with its orders. After considering these factors as well as plaintiff's financial condition and his conduct of this litigation, pursuant to FED.R.CIV.P. 41(c), the court shall grant defendant's motion to dismiss.

CONCLUSION

Defendant's motion for summary judgment and motion to dismiss shall be granted.

**IT IS SO ORDERED.**