**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH R. LEDBETTER,

    Plaintiff-Appellant,

v.

KOSS CONSTRUCTION,

    Defendant-Appellee.

No. 97-3362
(D.C. No. 96-CV-4036)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Joseph R. Ledbetter, appearing pro se, appeals the district court's disposition of his employment discrimination claims against defendant-appellee Koss Construction Company (Koss). We affirm.

Ledbetter, a veteran over the age of forty, filed this case alleging that Koss violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634; and the Vietnam Era Veterans Readjustment Assistance Act (VEVRA), 38 U.S.C. §§ 4211-4214, by refusing to hire him to work on a highway paving project. Ledbetter also requested appointment of counsel.

The district court denied the application for appointed counsel. During the pretrial phase of litigation, Ledbetter failed to appear for his scheduled depositions and a pretrial conference and Koss moved for dismissal. Rather than imposing the drastic sanction of dismissal, the district court required Ledbetter to pay $1,487.70 of Koss's fees and expenses in monthly installments.

Subsequently, Koss moved for summary judgment. The district court granted the motion, determining that Ledbetter: (1) presented no evidence or argument to support the Title VII sex discrimination claim; (2) failed to produce evidence on the ADEA claim creating a jury question concerning the credence of Koss's expressed nondiscriminatory reasons for its hiring decisions, see, e.g., Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir. 1994); and

(3) possessed no private right of action under VEVRA, see, e.g., Antol v. Perry, 82 F.3d 1291, 1296-98 (3d Cir. 1996). As an alternative disposition of the case, the district court entered a dismissal based on Ledbetter's failure to pay the sanctions assessed against him. See Fed. R. Civ. P. 41(b) (permitting involuntary dismissal for failure to comply with an order of the court).

On appeal, Ledbetter asserts that the district court erred in entering summary judgment, denying his request for appointed counsel, and assessing the monetary sanction. "We review the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed. R. Civ. P. 56(c)." Novell, Inc. v. Federal Ins. Co., 141 F.3d 983, 985 (10th Cir. 1998). We review the court's decisions concerning appointment of counsel and sanctions for abuse of discretion. See Rucks v. Boergermann, 57 F.3d 978, 978 (10th Cir. 1995) (appointment of counsel); Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) (imposition of sanctions).

After a thorough review of the record, we discern no error in the district court's rulings. We therefore affirm for substantially the reasons stated by the

district court in its orders of July 5, 1996, December 9, 1996, January 28, 1997, and October 28, 1997.  The mandate shall issue forthwith.


Entered for the Court


James E. Barrett
Senior Circuit Judge

-4-