**Joseph R. LEDBETTER, Plaintiff,**

v.

**CITY OF TOPEKA, KANSAS, Joan Wagnon, as Mayor of City of Topeka, Kansas, and Michele Smith, as Personnel Director of City of Topeka, Kansas, Defendants.**

Civ. A. Nos. 99–2489–CM, 99–2492–CM.

United States District Court,
D. Kansas.

Aug. 16, 2000.

Joseph R. Ledbetter, Topeka, KS, for plaintiff.

David D. Plinsky, Office of City Atty., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the Court are defendants City of Topeka, Kansas, Joan Wagnon and Michele Smith's motions to dismiss and to drop parties (Doc. 25 in 99–2489) (Doc. 24 in 99–2492). For the reasons set forth below, defendants' motions are granted in part.

### I. Background

Plaintiff filed these actions pro se, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, the Vietnam Era Veterans' Readjustment Assistance Act (VEVRA), 38 U.S.C. § 4211 *et seq.*, and the Kansas Veterans' Preference Act (VPA), Kan. Stat. Ann. § 73–201 et seq.[1] Defendants now move the court to dismiss the Veterans' act claims under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants also move the court to dismiss the Title VII and ADEA[2] claims raised against defen-

---

1. It is unclear from plaintiff's complaint what protected classification is relied upon to state a claim under Title VII. Because no challenge has been raised by defendants, the court assumes for purposes of these motions to dismiss, that plaintiff states a viable Title VII. Further, it is unclear whether plaintiff seeks relief under both the federal Vietnam Era Veterans' Readjustment Assistance Act and the Kansas Veterans' Preference Act. For purposes of the pending motions, the court assumes plaintiff seeks to state a claim under both. Finally, plaintiff references "free speech" within his complaint as well as within his response to defendants' motions to dismiss. Plaintiff does not, however, appear to state a cause of action for free speech, as no separate constitutional claim is raised. Further, the court is unable to identify the case law plaintiff attempts to cite within his response. Therefore, the court does not construe plaintiff's complaint as raising a claim for violations of the First Amendment.

2. Although not specifically raised by defendants, the court construes defendants' motions to dismiss as to the Title VII claims as requesting dismissal under ADEA, as well.

dants Wagnon and Smith for failure to state a claim under Rule 12(b)(6).[3] Finally, defendants move the court to dismiss defendants Wagnon and Smith from the action based on improper service of process under Fed.R.Civ.P. 12(b)(5).

Plaintiff has agreed to dismiss defendant Michele Smith from the suit. Therefore, all arguments addressing claims raised against defendant Smith are moot. As set forth in detail below, defendants' motions are granted in part.

## II. Motion to Dismiss Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *see Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *See Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir.1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

The court is mindful that plaintiff in this action appears pro se. A pro se litigant's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The Tenth Circuit has stated, "We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court may not, however, assume the role of advocate for the pro se litigant. *See Van Deelen v. City of Eudora, Ks.*, 53 F.Supp.2d 1223, 1227 (D.Kan.1999).

## III. Discussion

### A. Vietnam Era Veterans' Readjustment Assistance Act (VEVRA)

Plaintiff alleges that all defendants denied him employment in violation of "Veterans Preference Law Recognized in Kansas." (Plaintiff's Complaint, at ¶ III). In a separate portion of his complaint, plaintiff references "KSA 73–201 thru KSA 73–204 et al" as providing this court with jurisdiction over his claims. (Plaintiff's Complaint, at ¶ II. B. 3.). Other than this reference to jurisdiction, plaintiff cites no specific statute under which his cause of action arises.

Defendants request the court to dismiss plaintiff's claims, whether they arise under VEVRA, or alternatively under the Kansas Veterans' Preference Act. *See* 38 U.S.C. §§ 4211 through 4214; Kan. Stat. Ann. §§ 73–201 through 73–203. Defendants contend that there is no private right of action under these statutes. The court agrees with respect to VEVRA. The court disagrees with respect to the Kansas Veterans' Preference Act.

■ There is no private right of action under VEVRA. *See Ledbetter v. Koss Constr.*, 981 F.Supp. 1394, 1398 (D.Kan. 1997), *affirmed in unpublished opinion*

---

**3.** Defendants also seek dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure 21. The court has addressed defen-

dants' arguments under Rule 12, and therefore, finds reference to Rule 21 unnecessary.

No. 97–3362, 1998 WL 450847, at *2 (10th Cir. July 24, 1998); *Luttrell v. Runyon*, 3 F.Supp.2d 1181, 1187 (D.Kan.1998) (citing *Antol v. Perry*, 82 F.3d 1291, 1296–98 (3d Cir.1996) (no right of action under VEVRA)); *Wikberg v. Reich*, 21 F.3d 188, 189 (7th Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 421, 130 L.Ed.2d 336 (1994) (same); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989) (same); *Barron v. Nightingale Roofing, Inc.*, 842 F.2d 20, 21–22 (1st Cir. 1988) (no private right of action under VEVRA against federal contractors); *Taydus v. Cisneros*, 902 F.Supp. 278, 282 (D.Mass.1995) (no right of action under VEVRA); *Wilson v. Amtrak National R.R. Corp.*, 824 F.Supp. 55, 58 (D.Md.1992) (same). VEVRA provides:

> If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

38 U.S.C. § 4212(b). As noted by the *Ledbetter* court, this language illustrates that Congress intended that persons protected by the statute enforce their rights under it by filing a complaint with the Secretary of Labor. *See Ledbetter*, 981 F.Supp. at 1398.

## B. Kansas Veterans' Preference Act (VPA)

■ In contrast, the court finds there is a private right of action under the Kansas Veterans' Preference Act, Kan. Stat. Ann. § 73–201 *et seq.* In *Pecenka v. Alquest*, the Kansas Court of Appeals determined that an action for damages lies under the Kansas VPA. 6 Kan.App.2d 26, 29, 626 P.2d 802, 805 (1981). Although the Kansas Supreme Court subsequently determined the trial and appellate courts did not have

subject matter jurisdiction over the parties in *Pecenka*, it did not disturb the reasoning of the appellate court regarding the VPA. *See Pecenka v. Alquest*, 232 Kan. 97, 100–01, 652 P.2d 679, 681–82 (1982).

Subsequent Kansas courts have relied upon the *Pecenka* appellate court rule regarding the Kansas VPA. *See Wright v. Kansas Water Office*, 255 Kan. 990, 997, 881 P.2d 567, 572 (1994) (noting Kansas veterans' preference law creates an implied civil right of action for damages); *Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 305–08, 885 P.2d 1197, 1202–04 (1994) (noting *Pecenka* court "concluded that the veterans' preference law created a liability which did not exist in the absence of the statute, that an action for damages would lie, and that the action for damages was implied by the statute"). Accordingly, this court finds that if squarely placed before the Kansas courts again, the Kansas courts would defer to the reasoning in *Pecenka* to find a private cause of action exists under the Kansas VPA. *See Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir.1994) ("If a federal court cannot ascertain the law of the forum state, we must in essence sit as a state court and predict how the highest state court would rule.").

Defendant also asserts that plaintiff has made insufficient factual allegations to state a claim under the Kansas VPA. Rule 8(a) of the Federal Rules of Civil Procedure require only that a party's complaint give a defendant notice of the nature of the claims against him. *See Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1127 (10th Cir.1998). A "short and plain statement of the claim showing that the pleader is entitled to relief" will ordinarily suffice. Fed.R.Civ.P. 8(a).

■ The court finds plaintiff's Kansas VPA claim satisfies this standard. Even though plaintiff's complaint is not a picture of clarity, it is sufficient under our liberal notice pleading rules to survive a motion to dismiss. *See Porter v. Karavas*, 157 F.2d 984, 985–86 (10th Cir.1946) ("Indefinite-

ness of a complaint is not ground for dismissing the action if it states a claim showing that the plaintiff is entitled to relief."). Plaintiff alleges that the "City of Topeka and other Defendants denied me employment and ability to earn living wages fitting me (sic) experience, abilities and education in this city and as per Veterans Preference Law recognized in Kansas." (Plaintiff's Complaint, ¶ III). Although the defendants must draw certain inferences from plaintiff's allegations in order to determine the exact nature of his claims, the court finds plaintiff's claim meets the requirements of our federal rules regarding specificity in pleadings.

Therefore, defendants' motions are granted as to plaintiff's VEVRA claim. Plaintiff's VEVRA claim is dismissed. Defendants' motions are denied as to plaintiff's Kansas Veterans' Preference Act claim.

## C. Title VII and the ADEA

Plaintiff claims defendant City of Topeka, defendant Wagnon, as the Mayor of the City of Topeka, and defendant Smith, as the improperly identified personnel director for the City of Topeka, all discriminated against him in violation of Title VII and the ADEA. Although plaintiff's complaint is sparse, it appears plaintiff's allegations are based on defendants' refusal to employ him. Plaintiff also alleges that the defendants refused to hire him in retaliation for his decision to file complaints with the Kansas Human Rights Commission and to complain to City of Topeka officials.

Defendants move the court to dismiss defendants Wagnon and Smith from the action. Defendants claim that defendant Wagnon (as the Mayor of the City of Topeka), and defendant Smith (as the improp-

erly identified Personnel director for the City of Topeka) have been improperly named as defendants in this action. Specifically, defendants allege that as individual supervisors for the City of Topeka, neither defendants are "employers" within the meaning of Title VII or the ADEA.[4] Therefore, defendants assert the Title VII and ADEA claims should be dismissed with respect to these individual defendants. The court agrees.

Initially, the court notes that plaintiff has agreed to dismiss defendant Michele Smith from the lawsuit. Plaintiff admits defendant Smith was improperly named as the personnel director for the City of Topeka. Therefore, defendant Smith is hereby dismissed from the suit.

### 1. Title VII

Under Title VII, suits against individuals must proceed in their official capacity. Individual capacity suits are inappropriate under Title VII. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir.1996). This is true because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id.* "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Haynes,* 88 F.3d at 899.

Where, as here, the employer has been named as a defendant, the naming of alleged individual supervisors in their official capacity, whose actions may give rise to liability under Title VII, is redundant. Therefore, as an alleged individual supervisor,[5] defendant Wagnon was unnecessari-

---

4. As noted above, the court construes defendants' request for dismissal under Title VII as a request for dismissal under the ADEA.

5. The court does not reach the issue of whether defendant Wagnon qualifies as an individual supervisor whose actions would render the defendant City of Topeka liable. *See Sauers v.*

*Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993) ("[A]n individual qualifies as an "employer" under Title VII [solely for purposes of imputing liability to the true employer] if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment. In such a situation the individual

ly and improperly named as a defendant to the plaintiff's Title VII action.

## 2. ADEA

Similarly, defendant Wagnon was unnecessarily and improperly named as a defendant to the plaintiff's ADEA action. Both Title VII and the ADEA prohibit discrimination by employers on different bases. *See* 42 U.S.C. § 2000e–2(a) (Title VII); 29 U.S.C. § 623(a) (ADEA). These anti-discrimination statutes similarly define "employer." Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ..., and any agent of such person." 42 U.S.C. § 2000e(b). Similarly, the ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees ... [and] any agent of such person...." 29 U.S.C. § 630(b).

The Tenth Circuit has noted that there is no meaningful distinction between the definitions of employer in Title VII and the American with Disabilities Act, whose definition closely mirrors that of Title VII. Using this rationale, the Tenth Circuit found the reasoning in *Haynes* regarding Title VII governed the issue of whether individual supervisor liability was appropriate under the Americans with Disabilities Act. Similarly, it logically follows that the reasoning in *Haynes* regarding Title VII should also govern the issue of whether individual supervisor liability is proper under the ADEA based on the similarity of their "employer" definitions.

■ Under the *Haynes* rationale, individual supervisor liability is not proper under the ADEA. Further, the Tenth Circuit has favorably cited other circuit cases finding individual supervisor liability improper under the ADEA. *See id.* (*citing Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir.1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 511 (4th Cir.1994);

*Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993)). Further, this district court has noted that the "same principle [that individual capacity suits are inappropriate under Title VII] holds true for claims brought under the ADEA." *Palmer v. Sprint,* No. CIV. A. 96–2503–GTV, 1997 WL 383065, at *1 (D.Kan. June 18, 1997) (citing *Haynes,* 88 F.3d at 899–900 (citing *Brownlee v. Lear Siegler Mgmt. Servs.,* 15 F.3d 976 (10th Cir. 1994))).

Accordingly, defendant's motions to dismiss are granted in part. Plaintiff's Title VII and ADEA claims are dismissed with respect to defendant Wagnon.

## D. Improper Service

Defendants assert that neither defendants Wagnon nor Smith has received sufficient service of process under the federal rules of civil procedure. Therefore, defendants assert that this court has not attained personal jurisdiction over these defendants. Because the court has dismissed defendant Smith from this action, whether plaintiff properly achieved service upon defendant Smith is a moot issue. However, the Kansas VPA claim remains pending against defendant Wagnon. Therefore, the court will address the service issue as to defendant Wagnon only.

## 1. Service of process requirements

When examining defendants' motions to dismiss based on plaintiff's failure to properly achieve service [t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affi-

---

operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without

regard to whether the employer know of the individual's conduct.") (citations and quotations omitted).

davits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

> *Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990) (quoting *Behagen v. Amateur Basketball Ass'n of the United States,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted)).

Federal Rule of Civil Procedure 4 sets forth the methods by which a party may properly obtain service of process. Rule 4(h) specifically applies to service upon individuals within a judicial district of the United States:

> Unless otherwise provided by federal law, service upon an individual . . ., may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State. . . .

Fed.R.Civ.P. 4(e).

The following methods are authorized by the state of Kansas for serving individuals. Service may be effected [u]pon an individual . . ., by serving the individual or by serving an agent authorized by appointment or by law to receive service of process. . . . Service by certified mail shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address. If service by certified mail to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service **may complete service by certified mail, restricted delivery, by serving the individual at a business address *after* filing a return on service stating the certified mailing to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a busi-** ness address is known for such individual.

Kan. Stat. Ann. § 60–304(a) (emphasis added).

### 2. Substantial compliance

Kansas also has a substantial compliance rule, which states: "In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected." Kan. Stat. Ann. § 60–204. "Under Kansas law, substantial compliance with the requirements for service and awareness of the action are all that is necessary." *Pedi Bares, Inc. v. P & C Food Mkts., Inc.,* 567 F.2d 933, 936 (10th Cir.1977); *see also Briscoe v. Getto,* 204 Kan. 254, 256, 462 P.2d 127, 129 (1969) ("Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with.").

■ The record here indicates that plaintiff has effected service of process of defendant Wagnon through substantial compliance with § 60–304(a). Plaintiff served the summons and complaint upon defendant Wagnon at her place of business via certified mail. Plaintiff did not personally serve defendant Wagnon. Instead, the return of service was signed by personnel in defendant Wagnon's office. Although plaintiff did not follow § 60–304(a)'s mandate to first attempt service of process by certified mail at the residence of the defendant, defendant Wagnon received actual notice of the lawsuit. This actual notice is evidenced by defendant Wagnon's answer to plaintiff's complaint filed within 30 days from the receipt of plaintiff's complaint by personnel in defendant Wagnon's business office. *See Vogel v. Missouri Valley Steel, Inc.,* 229 Kan.

492, 499, 625 P.2d 1123, 1128 (1981) ("Defendant had actual knowledge of the ... case[ ] and has shown no prejudice as a result of the alleged irregularity in service."). Although the service of process achieved in this case is not a model to follow, this court finds such service was proper under Kansas law.

Thus, plaintiff achieved proper service of process upon defendant Wagnon. Therefore, defendants' motions to dismiss are denied in part. Plaintiff may maintain its Kansas Veterans' Preference Act claim as raised against defendant Wagnon.[6]

## IV. Order

Accordingly, IT IS ORDERED that defendants' motions to dismiss (Doc. 25 in 99–2489) (Doc. 24 in 99–2492) are granted in part. Specifically, plaintiff's Vietnam Era Veterans' Assistance Act claim is dismissed. By concession of plaintiff, defendant Smith is dismissed from the actions. Plaintiff's Title VII and ADEA claims, raised against defendant Wagnon, are dismissed.

The only claims that remain pending in these actions are plaintiff's Title VII and ADEA claims raised against defendant City of Topeka, Kansas and plaintiff's Kansas Veterans' Preference Act claim raised against defendant City of Topeka and defendant Wagnon.

**IT IS SO ORDERED.**

---

6. Because the issue is not properly before the court, the court does not address the viability of a claim under the Kansas Veterans' Preference Act against an individual defendant.